AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

**NORTHERN** District of **OHIO**

UNITED STATES OF AMERICA

V.

JAMES P. REARDON
*Defendant*

**ORDER OF DETENTION**

Case Number: 4:19M6165

**FILED**
2019 SEP 12 PM 2:05
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
_____ *

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
    for which a maximum term of imprisonment of ten years or more is prescribed in _____
    under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PRELIMINARY EXAMINATION FINDINGS

At the preliminary examination, Special Agent ("SA") Thomas Donnelly of the Federal Bureau of Investigation testified that the New Middletown, Ohio police contacted the FBI on August 16, 2019 regarding an Instagram video posted by user "ira_seamus" on July 11, 2019. The video depicted Defendant firing a rifle multiple times with audio of gunshots and sound effects of sirens and people screaming added into the background. SA Donnelly thought Defendant stated "Fuck a life" in the video, but Defendant's friend, Logan Stewart, confirmed it was actually a german phrase from a video game that meant "I need a radio man/operator." The video also had a caption that stated "ira_seamus Police identified the Youngstown Jewish Family Community shooter as local white nationalist Seamus O'Rearedon," with the location tagged at the Jewish Community Center ("JCC"). SA Donnelly also testified that police officers executed a search of Defendant's residence and found a Neo-Nazi shield Defendant used at the rally, an MP-40 submachine gun (WWII replica) like the one depicted in the video, AR-15 assault rifle, M-16 rifle from the Vietnam era, M-16 pellet gun, KAR-98 rifle bayonet, and a Hitler Youth knife, in addition to other German military propaganda and IRA (Irish Republican Army) items. After his arrest and being advised of his *Miranda* rights, Defendant advised police that he posted the video from the "ira_seamus" Instagram account. Defendant advised that "Seamus" was a Gaelic version of his name, James, and that he makes videos with friends as satire that often uses racial and violent depictions for humor. Defendant also stated to police that the MP-40 submachine gun and AR-15 located at his residence belonged to him. Based upon SA Donnelly's testimony of Defendant's conduct and admissions, the Court finds that probable cause exists to believe that Defendant committed the alleged offense. Defendant is ordered bound over to the grand jury.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X  clear and convincing evidence    a preponderance of the evidence that

no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. The Court finds that the factors of 18 U.S.C. § 3142(g) warrant a finding in favor of detention. The undersigned has reviewed these factors, as well as the testimony and affidavit of SA Donnelly, the testimony of Defendant's mother and father, the testimony of Logan Stewart, and the Pretrial Services Report. The 3142(g) factor of the history and characteristics of the defendant show that Defendant in this case has no prior criminal history. However, he participated in the "Unite the Right" rally in Charlottesville, VA in August of 2017, which turned into a violent riot, where the Defendant carried a Neo-Nazi shield, obtained an expandable baton, and resisted police authority. The serious nature and circumstances of the instant offense lead the undersigned to order his detention. According to SA Donnelly, Defendant admitted to federal law enforcement that he posted a video under the Instagram handle "ira_seamus," which was tagged at the JCC in Youngstown, OH. This video depicted Defendant shooting two rounds of ammunition, saying "I need a radio man/operator" in German, and with a caption suggesting that Defendant had shot up the JCC. In addition, SA Donnelly testified that a search of Defendant's residence uncovered the shield from the rally, several firearms, and a Hitler Youth knife, in addition to other German military propaganda and IRA items. Defendant's friend, Logan Stewart, testified that around January 2018, he recorded the video and edited it to add the sound effects of screaming and sirens. Shortly thereafter, Logan testified that Defendant requested the video and he sent both the edited and unedited versions to Defendant. Logan also testified that he did not create the caption relating to the JCC or to a mass shooting and that Defendant added the caption when he posted the video on July 11, 2019. The undersigned finds that Defendant poses a serious risk of danger to the safety of the community if he is released in light of the very serious nature of the offense charged regarding the video, Defendant's participation in the Charlottesville white supremacist rally as indicated above, and his possession of Nazi memorabilia and weapons.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

9/12/2019
Date

Signature of Judicial Officer
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).